UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMIE L. CHAMBERS-POPE,<br><br>    Plaintiff,<br><br>v.<br><br>PMAB, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:19-cv-00636<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JAMIE L. CHAMBERS-POPE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PMAB, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

1

## PARTIES

4. Plaintiff is a 41 year-old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collector that collects upon consumers throughout the country, including in the state of Ohio. Defendant is a limited liability company organized under the laws of the state of North Carolina with its principal place of business located at Eight Water Ridge Plaza, 4135 South Stream Blvd., Suite 400, Charlotte, North Carolina 28217-4636.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Several years ago, Plaintiff's spouse ("Mr. Pope") was diagnosed with cancer, which required him to undergo extensive medical treatments in order to survive.

9. Mr. Pope's rising medical expenses outpaced his financial means to pay them.

10. Tragically, Mr. Pope passed away around May of 2018, leaving several unpaid medical bills.

11. Even before Mr. Pope's passing, Plaintiff has been hounded and harassed by debt collectors attempting to collect upon Mr. Pope's unpaid medical bills.

12. The instant action arises out of Defendant's attempts to collect upon Plaintiff's and Mr. Pope's medical bills purportedly owed to UCHealth ("subject debt").

13. Around late 2018, Plaintiff began receiving calls to her cellular phone, (513) XXX-5201, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5201. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant mainly uses the phone number (704) 553-7146 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

16. Upon information and belief, the above referenced phone number ending in -7146 is regularly utilized by Defendant during its debt collection activity.

17. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

18. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

19. Plaintiff explained her inability to address the subject debt and demanded that it stop calling.

20. Despite Plaintiff's demands, Defendant has continued placing phone calls to Plaintiff's cellular phone.

21. Plaintiff has even reiterated her demands that Defendant cease contacting her during subsequent collection calls and explained that she had retained counsel.

22. On at least one occasion, Defendant relentlessly mocked Plaintiff for retaining an attorney to enforce her rights.

23. Plaintiff has received not less than 20 phone calls from Defendant since asking it to stop calling.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1990.[1]

31. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

---

[1] https://www.acainternational.org/search#memberdirectory

connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 20 times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

35. Defendant further violated §1692d and d(2) when it attempted to dissuade Plaintiff from enforcing her legal rights under the FDCPA. On at least one occasion, Plaintiff informed Defendant that she had retained counsel. In response, Defendant mocked Plaintiff for seeking legal aid. Any reasonable fact finder will conclude that Defendant abused and harassed Plaintiff in violation of the FDCPA because it knowingly ridiculed a grieving widow for seeking legal aid to represent her against harassing debt collectors that constantly remind Plaintiff of her husband's passing.

    b. **Violations of FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 20 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. Defendant further violated §1692f when it unfairly and unconscionably derided Plaintiff for seeking to enforce her rights. Any reasonable fact finder will conclude that Defendant acted unfairly and unconscionably by attempting to suppress Plaintiff from seeking legal representation against ongoing harassment.

42. As pled in paragraphs 24 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JAMIE L. CHAMBERS-POPE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Statutory damages under 15 U.S.C. § 1692k(a);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

45. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

46. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the

7

originator of the subject consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

47. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

48. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JAMIE L. CHAMBERS-POPE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 22, 2019                                  Respectfully submitted,

s/ Nathan C. Volheim                                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Admitted in the Northern District of Ohio              Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                               thatz@sulaimanlaw.com